# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| In Re:<br><br>HALEIGH ZENT,<br><br>                                Debtor. | Bankruptcy Case<br>No. 21-20202-JMM |
|---|---|

## MEMORANDUM OF DECISION

**Appearances:**

    Kristen Pearson, Hayden, Idaho, Attorney for Debtor.

    J. Ford Elsaesser, Sandpoint, Idaho, Chapter 7 trustee.

### *Introduction*

    Before the Court is an objection filed by the chapter 7 trustee ("Trustee") to debtor Haleigh Zent's ("Debtor") claim of exemption. Doc. No. 27. Following submission of exhibits and written closing arguments, the matter was deemed under advisement. This memorandum of decision resolves the objection. Fed. R. Bankr. P. 7052; 9014.[1]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION–1

*Facts*

Debtor filed a chapter 7 petition on May 18, 2021, on which she listed no real property and did not claim a homestead exemption. Doc. No. 1. At the time, she lived at her mother's home at 681 Red Fir Lane, Coeur d'Alene, Idaho ("Property"). Dec. of Haleigh Zent, Doc. No. 30 at ¶ 1. Five days prior to the filing, on May 13, 2021, Debtor's mother went to the emergency room and following a terminal diagnosis, was discharged the following day and placed in hospice. *Id.* at ¶ 5. While in hospice care but coherent, Debtor's mother executed a will on May 17, 2021, which bequeathed her property to Debtor and her brother in equal shares ("Will"). *Id.* at ¶ 6 & Ex. D. Debtor's mother unfortunately passed away on June 9, 2021. *Id.* at ¶ 2. The personal representative under the Will determined the Property had to be sold satisfy the decedent's debts; accordingly, on August 18, 2021, the Property was sold and on March 28, 2022, Debtor received $71,891.70 in net proceeds from the sale. *Id.* at ¶ 9–10 & Ex. E.

On May 3, 2022, Debtor amended her schedules to claim a "future 1/2 fee simple interest" in the Property, which interest she claimed exempt under Idaho Code §§ 55-1003, 1113 in the amount of 100% of the fair market value of the Property. Doc. No. 26. She indicated the current value she owned was $0. *Id.*

On May 20, 2022, Trustee objected to the claim of exemption because Debtor did not assert any interest in real property or claim any homestead exemption in her original schedules, and she had not provided documents to prove the funds she received are applicable to the exemption asserted. Doc. No. 27.

MEMORANDUM OF DECISION–2

On June 16, 2022, Debtor again amended schedule A of her bankruptcy schedules to claim the value of the real property as $415,000 and the value of Debtor's interest as $207,500. Doc. No. 31. Debtor also amended schedule C to claim the value of the portion of the homestead she owned as $71,891.70, which value she claimed exempt pursuant to Idaho Code §§ 55-1003, 1113. *Id.*

The Court conducted a hearing on the objection on June 27, 2022, after which it continued the matter for an evidentiary hearing on August 19, 2022. The Court continued the hearing until October 13, 2022, after a stipulation was filed by the parties. Doc. No. 36. At the hearing, the Court admitted exhibits submitted by Trustee[2], after which the parties submitted written closing arguments and the matter was deemed under advisement. Doc. Nos. 39–41. This decision follows.

## *Analysis*

A. Idaho's Homestead Exemption

Section 522(b)(1) allows individual debtors to exempt property from property of the bankruptcy estate, and to thereby shield it from liquidation by a chapter 7 trustee. Under § 522(b)(2), a state may "opt out" of the exemption scheme provided in the Bankruptcy Code. If it opts out, debtors filing for bankruptcy relief in that state may claim only that property which would be exempt under state law. Because Idaho has opted-out of the federal exemptions, Idaho's exemption laws are applicable in Debtor's case. Idaho Code § 11-609.

---

[2] Debtor submitted exhibits by Declaration. Doc. No. 38.

MEMORANDUM OF DECISION–3

An Idaho debtor is permitted to claim an exemption in a qualifying homestead. Idaho Code § 55–1001, *et seq.; In re Cerchione,* 398 B.R. 699, 702–03 (Bankr. D. Idaho), *aff'd,* 414 B.R. 540 (9th Cir. BAP 2009). If properly established, Debtor may exempt up to $175,000 of equity in a homestead. Idaho Code § 55-1003. As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper. *Cerchione,* 398 B.R. at 703; Rule 4003(c). Once Trustee produces evidence sufficient to rebut the validity of Debtor's claimed exemption, the burden shifts to Debtor to demonstrate that her claimed homestead exemption is valid. *In re Cerchione*, 414 B.R. at 549. The validity of the claimed exemption is determined as of the date of filing of the bankruptcy petition. 11 U.S.C. § 522(b)(3)(A); *Culver, L.L.C. v. Chiu (In re Chiu),* 266 B.R. 743, 751 (9th Cir. BAP 2001). Moreover, the homestead exemption statutes are to be liberally construed in favor of the debtor. *Cerchione,* 398 B.R. at 703.

Under Idaho law, there are essentially two avenues by which a homestead may come into existence: automatically and by declaration. Additionally, the proceeds of the sale of a homestead may also be exempt. It does not appear that Debtor asserts an exemption by declaration, so the Court will forego discussion on that method.

1. *Automatic Homestead*

Idaho law permits a homestead to arise automatically pursuant to Idaho Code § 55-1004(1) which provides:

> Property described in section 55-1001, Idaho Code, constitutes a homestead and is automatically protected by the exemption described in section 55-1003, Idaho Code, from and after the time the property is occupied as a principal residence by the owner or, if the homestead is unimproved or improved land that is not yet occupied as a homestead, from and after the

MEMORANDUM OF DECISION–4

> declaration or declarations required in this section are filed for record or, if the homestead is a mobile home not yet occupied as a homestead and located on land not owned by the owner of the mobile home, from and after delivery of a declaration as described in section 55-1006, Idaho Code.

Contained within this type of homestead exemption are several required elements beginning with the perhaps obvious requirement that the homestead must in fact be a "homestead." That term is defined by Idaho law to mean:

> the dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved …. Property included in the homestead must be actually intended or used as a principal home for the owner.

Idaho Code § 55-1001(2). Thus, in order to qualify as a "homestead," the property must be a dwelling house or mobile home. There is no dispute that the Property is in fact, a dwelling house, so this requirement is met. A homestead must also be the place where the "owner" of the dwelling house or mobile home "resides or intends to reside" and the property must be "actually intended or used as a principal home for the owner." While there is no dispute that Debtor resided on the Property on the date she filed her bankruptcy petition, the issues of whether Debtor was the "owner" of the Property and of whether she actually intended or in fact used the home as a principal home remain in question.

The Court will begin by discussing whether Debtor was an "owner" of the Property on the petition date, as it is dispositive. The Idaho homestead statute provides that the term "owner," "includes, but is not limited to, a purchaser under a deed of trust, mortgage, or contract, or a person who takes the subject property under a life estate."

MEMORANDUM OF DECISION–5

Idaho Code § 55-1001(4).  The facts show that Debtor was not a purchaser under a deed of trust, mortgage, or contract, and there was no evidence presented to support a finding that Debtor had a life estate on the Property.  Rather, Debtor contends that the phrase "includes, but is not limited to" should be employed to address the situation at hand where Debtor was to receive a 1/2 ownership in the Property under her mother's Will.  This is especially so in light of the fact that her mother was terminally ill and on hospice at the time Debtor filed her bankruptcy petition.  The Court disagrees.

On petition day, Debtor had only a contingent interest in a Will that did not bequeath to her any specific interest in the Property.  Instead, the Will provided that Debtor's mother, as testator, could make specific bequests, after which the residue of the estate was bequeathed in equal shares to Debtor and her brother.  Specifically, the Will provides:

> **A. Disposition**.  I hereby give, will, devise and bequeath all of the rest, residue and remainder of my estate, of whatsoever kind or character and wheresoever situated or located, whether real, person or mixed, which I own or unto which I may be entitled at the time of my death to my children, RORY ALEXANDER ZENT and HALEIGH FIONA MACARTHUR ZENT, in equal shares, share and share alike, the same to be their sole and separate property.
>
> **B. Residue Defined**.  All references in this, my Last Will and Testament, to the "residue" of my estate, as the term is used herein, shall mean all of the property, of whatsoever kind (whether real, personal, or mixed and whether tangible or intangible) which I may own at the time of my death and which remains after effect is given to the gifts, devises, bequeaths, expenses, taxes and other liabilities of my estate, and shall include all property of whatever nature and whatever situated, including all gifts made by this Will which shall fail for any reason whatsoever.

Doc. 38 at p. 33.

MEMORANDUM OF DECISION–6

Debtor argues that pursuant to Idaho Code § 55-105, a future interest in the ownership of property is vested when "there is a person in being who would have a right, defeasible or indefeasible to the immediate possession of the property upon the ceasing of the immediate or precedent interest." Additionally, she points to Idaho Code § 15-3-101, which is part of Idaho's probate code. The bulk of this provision is an unwieldly run-on sentence that provides, in relevant part, "Upon the death of a person, his separate property devolves to the persons to whom it is devised by his last will…." Debtor contends that under these statutes, her interest in the Property immediately passed to her at the time of her mother's death and she became a part owner of her mother's Property at that time. She concludes that, because Debtor was living on the Property both before and after her mother's passing, she qualifies for an automatic homestead exemption. Doc. No. 29 at p. 6.

A closer look at the terms of the Will compels the Court to conclude otherwise. Debtor was not specifically bequeathed the Property or any interest therein. Rather, she was only to receive the residual probate estate property, in equal shares along with her brother, that remained after gifts, devises, expenses, taxes, and liabilities of the estate had been distributed and paid. Therefore, under these facts it would be a stretch to deem Debtor an "owner" of the Property, for homestead purposes, as of the petition date. There was no guarantee she would ever have any fee interest in the Property. The Court concludes Debtor was not an "owner" of the Property under these facts, and therefore not entitled to a homestead exemption under Idaho law.

MEMORANDUM OF DECISION–7

2. *Exemption of Proceeds*

Regrettably for Debtor, a similar analysis applies to the exemption of proceeds. Under Idaho law, a debtor may exempt the proceeds of a voluntary sale of a homestead under Idaho Code § 55-1008, which provides:

> The proceeds of the voluntary sale of the homestead in good faith for the purpose of acquiring a new homestead, and proceeds from insurance covering destruction of homestead property held for use in restoring or replacing the homestead property, up to the amount specified in section 55–1003, Idaho Code, shall likewise be exempt for one (1) year from receipt, and also such new homestead acquired with such proceeds.

Idaho Code § 55-1008(1). A debtor may also claim the proceeds from an involuntary sale of a homestead exempt for six months pursuant to Idaho Code § 55-1113. This is the statute Debtor utilized in her amended petition. The difficulty with this approach is that, just as with a voluntary sale, to exempt proceeds from an involuntary sale of a homestead Debtor must first have an interest sufficient to qualify as a homestead, which again implicates ownership. As such, because the property is in the form of proceeds rather than physical property, and whether the sale of the property be voluntary or involuntary, the result is the same.

Debtor contends there is yet another method by which she may exempt the proceeds from the sale of the Property, which the Court will discuss next.

B.  Sections 522 and 541

While this Court regularly adjudicates the exempt nature of property in a bankruptcy debtor's estate as of the petition date, the Code does provide for the inclusion

MEMORANDUM OF DECISION–8

of certain property acquired post-petition as part of the bankruptcy estate. Section 541(a)(5)(A) states that property of the estate includes:

> [a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—(A) by bequest, devise, or inheritance[.]

Whatever interest Debtor received in the Property within 180 days of the petition date fell within this provision and became part of her bankruptcy estate. That being the case, Debtor contends some mechanism must surely exist to permit exemption of such property in this situation.

Debtor argues that § 522(b)(2) provides, "[n]otwithstanding § 541," a debtor "may exempt from property of the estate the property listed in … paragraph (3) of this subsection."[3] Paragraph (3), in turn, identifies the relevant property as "any property that is exempt under … State or local law that is applicable on the date of the filing of the petition…" As such, Debtor contends that because § 541 is subject to § 522, when the Debtor acquired a property interest by bequest post-petition and that interest became part of her bankruptcy estate, then §§ 522(b)(1) and (3) permit her to exempt that property under state law.

As evidence that Congress intended debtors to be able to exempt this estate property acquired post-petition, Debtor points to § 522(a)(2) which provides that "'value' means fair market value as of the date of the filing of the petition or, with respect to property that becomes property of the estate after such date, as of the date such property

---

[3] Paragraph (2) of § 522(b)(1) does not apply, as Idaho has opted out of federal exemptions.

MEMORANDUM OF DECISION–9

becomes property of the estate." She argues that "[t]here would be no need for § 522 to have a rule for determining value in after-acquired property unless such property could be claimed as exempt." Doc. No. 29 at p. 5 (quoting *In re Walz*, 546 B.R. 836, 840 (Bankr. D. Minn. 2016)).

Because Debtor contends she is entitled to an automatic homestead exemption in the Property and therefore in the sale proceeds under Idaho law, then that property interest that became part of the bankruptcy estate post-petition may be exempted under § 522.

The Court acknowledges that the question of whether a debtor may be entitled to exempt, pursuant to §§ 522(b)(1) and (3), property included in a bankruptcy estate under § 541(a)(5)(A) is an interesting one.[4] At bottom, however, even if Debtor could utilize those provisions of the Bankruptcy Code, the determinative question is whether the property is exempt under state law. As discussed above, the Court has concluded Debtor did not have an ownership interest in the Property or the proceeds sufficient to satisfy Idaho homestead law. Accordingly, Debtor's claim of a homestead exemption in the Property must fail and Trustee's objection to Debtor's claim of exemption is sustained.

/ / / / /

---

[4] An Idaho bankruptcy court has previously concluded that because Idaho has opted out of the Code's exemption scheme, Idaho debtors may claim only exemptions allowed by Idaho law and by § 522(b)(3). *In re Dolven*, 549 B.R. 386, 388 n.4 (Bankr. D. Idaho 2016); *In re Antonie,* 432 B.R. 843, 850–51 (Bankr. D. Idaho 2010), *aff'd,* 447 B.R. 610 (D. Idaho 2011); *In re Almgren,* 384 B.R. 12, 15 (Bankr. D. Idaho 2007).

MEMORANDUM OF DECISION–10

*Conclusion*

Because Debtor did not have a sufficient property interest in the Property to qualify for a homestead exemption under Idaho law, Trustee's objection to her claim of exemption in the proceeds from the sale of the Property is sustained.

A separate order will be entered.

DATED: November 18, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION–11